No. 6489.—A. B. JAMES *v.* JOHNSON & BROTHER—G. W. JOHNSON, Intervenor.

Plaintiff, a merchant in the city of New Orleans, had for his customers the defendants, residing at DeKalb, Texas. Defendants became largely indebted to plaintiff. A brother of defendants, who had been their clerk, came to New Orleans with drafts in favor of the defendants, and some money, and purchased a lot of new goods. Immediately thereafter the plaintiff, being a creditor, attached the new goods thus purchased. On trial judgment was rendered in favor of the attaching creditor. The brother who had formerly been the clerk of the defendants, with no visible means or business to indicate capital, intervened in the attachment suit, and claimed that he had made the purchases of the goods attached on his own account; that he had bought the store in Texas and was doing business for himself. The evidence failed to show a sale before the attachment was made, and also failed to show any consideration therefor, or that the money with which the goods attached were purchased was his own: Held—That, under this state of facts, the sale of the store, in Texas, and the pretended ownership of the stock of goods bought in the city of New Orleans, amounted to a fraud on the part of the intervenor and defendants, and was, therefore, null and void.

APPEAL from the Sixth District Court of New Orleans. *Howell, J. Hunton & Miller* and *Elmore & King,* for plaintiff and appellee. *Emerson & Huntington,* for Johnson, intervenor, appellant.

TALIAFERRO, J. The plaintiff, in May, 1856, attached certain merchandise as property of their debtors, Johnson & Brother, residents of Texas. This lot of merchandise was claimed by the intervenor as his property, having purchased it, as he averred, on his own account. There was judgment in favor of the plaintiff, with privilege upon the goods attached and for costs. This judgment was rendered on the second of March, 1857. Nearly two years after, in January, 1859, judgment was rendered in favor of the plaintiff against the intervenor.

The facts appear to be that Johnson & Brother, who were merchants of DeKalb, Texas, had been in the habit for several years previous, of buying their goods in New Orleans, and were considerably in arrears with the merchants in the city in the year 1856. In the spring of that year George W. Johnson, the intervenor, who had formerly been the clerk of his brothers, Phineas and Lewis, comprising the firm of

Johnson & Brother, came to New Orleans and purchased with drafts drawn in favor of Johnson & Brother, and with part cash, the merchandise which plaintiff attached as the property of Johnson & Brother. The intervenor claimed to have purchased the stock of goods of Johnson & Brother at DeKalb, and that he was doing business there on his own account. The evidence taken in the case is copious, and much of it was taken under commissions, addressed to various places. A review of it inclines us to adopt the conclusion arrived at by the jury before whom it was tried in the court below, and that is, that the pretensions of the intervenor to ownership of the property was a simulation and fraud, attempted to screen the property of the firm of Johnson & Brother from the reach of their creditors. Various facts, raising a strong presumption against the fairness of his dealing, are shown. He came a year or two previous to 1856 to DeKalb, in Texas, having but little visible means, and engaged as a clerk for the house of Johnson & Brother. He stated that a short time before coming to New Orleans in 1856, he had bought the stock of goods and the assets of Johnson & Brother; that the consideration of the purchase was the indebtedness of the firm to him in the sum of $2350, for which he held their note. The testimony was taken, first, of Phineas Johnson, and afterwards of Lewis Johnson, to establish the indebtedness. The testimony of these witnesses given in favor of the intervenor is quite contradictory. The former stated that no assets of the firm had been transferred to the intervenor; the latter that the assets were transferred to him. One of them fixed the indebtedness of the firm to the intervenor at $2350; the other at a fraction over $4000. The sale of the goods at DeKalb was not known in that place until after the attachment of the plaintiff took place. The intervenor himself, being questioned by a party in interest as to the drafts he used in the purchase of the merchandise in New Orleans, said, at first, that the firm of Johnson & Brother had no interest in these drafts, and, afterwards, on the same day, admitted that Lewis Johnson had an interest in them.

In fine, the case has all the usual surroundings of fraud and simulation. Johnson & Brother were heavily in debt in New Orleans. The pretended purchaser of their goods and assets was their brother, previously employed by them as their clerk at a small salary, and without means of his own. The secrecy of the sale, which appears to have been a device resorted to after the plaintiff's suit was brought, and which was not published in the DeKalb newspaper until after that event.

We think the fraud and simulation fully made out.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.

Howell, J., recused.